**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**


EDGAR L. GUINTHER
ADC #100017                                                                    PLAINTIFF

V.                                    5:10CV00139 JMM/JTR

JAMES BANKS,
Former Warden, Tucker Unit, et al.                          DEFENDANTS


**PROPOSED FINDING AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James

M. Moody.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the United States District Judge,

you must, at the same time that you file your written objections, include a "Statement of Necessity"

that sets forth the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence to be proffered at the requested hearing before the

United States District Judge was not offered at the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Edgar L. Guinther, who is a prisoner at the Varner Super Max Unit of the Arkansas Department of Correction ("ADC"), has commenced this *pro se* § 1983 action alleging that, while he was housed in the Tucker Unit, Defendants violated his constitutional rights by failing to take adequate measures to prevent him from contracting tuberculosis from a fellow inmate. *See* docket entries #1, #5, #16, #27, and #81.

The ADC Defendants have filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Undisputed Facts.[1] *See* docket entries #96, #97, and #98. The CMS Defendants also have filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Undisputed

---

[1] The ADC Defendants are Warden James Banks and ADC Deputy Director of Health and Correctional Programs Wendy Kelley.

Facts.[2]  *See* docket entries #99, #100, and #101.  Plaintiff has filed three Responses, two Statements of Fact, Exhibits, and an Addendum.  *See* docket entries #104, #105, #115, #116, #117, #118, #122, and #124.

## II. Discussion

Defendants argue that they are entitled to summary judgment because Plaintiff failed to fully and properly exhaust his administrative remedies against them.[3]  *See* docket entries #96-#98 and #99-#101.  This argument is well taken.

The Prison Litigation Reform Act provides, in pertinent part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record."  *Jones v.*

---

[2]  Correctional Medical Services, Inc. ("CMS") is a corporation that provides medical services to ADC inmates. The CMS Defendants are Dr. Robert Rectenwald and Advanced Practice Nurse Sandra Canterberry.

[3]  It is well settled that summary judgment should only be granted when the record, viewed in a light most favorable to the nonmoving party, shows that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law.  *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986).  The moving party bears the initial burden of informing the court of its basis for the motion and identifying the parts of the record that show lack of a genuine issue.  *Celotex,* 477 U.S. at 323.  To defeat a motion for summary judgment, the nonmoving party must go beyond the pleadings and establish "by affidavits, or by the depositions, answers to interrogatories, and admissions on file," that specific facts show a genuine issue for trial exists.  *See* Fed. R. Civ. P. 56(c); *Celotex,* 477 U.S. at 324.

*Bock,* 549 U.S. 199, 219 (2007);[4] *see also Woodford v. Ngo*, 548 U.S. 81, 89-91 (2006).

Importantly, the PLRA requires inmates to: (1) *fully* and properly exhaust their administrative remedies as to each claim mentioned in the complaint; and (2) *complete* the exhaustion process *prior* to filing an action in federal court. *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000) (emphasis added). Additionally, the United States Supreme Court has emphasized that: "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the *prison's requirements,* and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218 (emphasis added); *see also Woodford*, 548 U.S. at 90-91. Thus, to satisfy the PLRA, a prisoner must fully comply with the specific procedural requirements of the incarcerating facility. *Id.*

To fully and properly exhaust administrative remedies about a medical problem within the ADC, a prisoner must: (1) file an informal resolution with the medical staff; (2) file a grievance to the Health Services Administrator if the attempt at informal resolution is unsatisfactory; and (3) appeal the Health Services Administrator's decision to the ADC Deputy Director for Health and Correctional Programs. *See* docket entry #99, Exs. A and B (ADC Adm. Dirs. 07-03 and 09-01 § IV(E) through (G)).

On May 4, 2010, Plaintiff filed an informal resolution alleging that Defendant Banks failed to take adequate measures to prevent him from contracting tuberculosis from an inmate in 9 Barracks at the Tucker Unit. *See* docket entry #105 at 25. On May 5, 2010, the informal resolution

---

[4] In *Jones v. Bock*, 549 U.S. 199, 211 (2007), the Court emphasized that: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."

was denied, on the merits, because proper containment protocols had been followed. *Id.* The next day, on May 6, 2004, Plaintiff commenced this action by filing his § 1983 Complaint in federal court. *See* docket entry #1. Thus, it is *undisputed* that Plaintiff did not *complete* the exhaustion process *prior* to commencing this federal lawsuit, as required by the PLRA. *See Johnson*, 340 F.3d at 627; *Graves*, 218 F.3d at 885.

In an effort to circumvent this problem, Plaintiff alleges that, after May 6, 2004, prison officials interfered with his attempts at exhaustion by failing to provide him with the necessary forms and refusing to process or respond to his grievances. *See Sergent v. Norris,* 330 F.3d 1084, 1085-86 (8th Cir. 2003) (explaining that a lack of proper exhaustion will be excused if the prisoner demonstrates that the defendants hindered his efforts to complete exhaustion); *Lyon v. Vande Krol*, 305 F.3d 806, 808 (8th Cir. 2002) (same).

However, any alleged interference that occurred after May 6, 2004, is irrelevant. Plaintiff was required to complete the exhaustion process before he commenced this lawsuit, and he failed to do so. Accordingly, Defendants are entitled to summary judgment due to Plaintiff's failure to timely and properly exhaust his administrative remedies.

Plaintiff also argues that Defendants' Motions of Summary Judgment are improper because they were untimely filed. *See* docket entry #115. The Court's records demonstrate that Defendants filed their Motions for Summary Judgment on or before the January 3, 2011 deadline. *See* docket entries #43, #96, and #99. Nevertheless, Plaintiff believes that Defendants' Motions were untimely because they were filed after the Court granted Plaintiff's Motion for Jury Trial, on October 27, 2010. *See* docket entry #66.

The October 27, 2010 Order granted Plaintiff permission to have a jury (rather than the Court) resolve material factual disputes *only if the case survived the filing of any dispositive motions*. As previously explained, the *undisputed* facts demonstrate that Defendants are entitled to summary judgment because Plaintiff failed to fully exhaust his administrative remedies prior to commencing this lawsuit.  Thus, there is no need to have a jury trial.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      The Defendants' Motions for Summary Judgment (docket entries #96 and #99) be GRANTED, and that this case be DISMISSED, WITHOUT PREJUDICE, due to Plaintiff's failure to timely and properly exhaust his administrative remedies.

2.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

Dated this 18th day of March, 2011.

_____
UNITED STATES MAGISTRATE JUDGE